THE STATE OF OHIO, APPELLANT, *v.* BARTHOLOMEW, APPELLEE.

[Cite as *State v. Bartholomew,* 119 Ohio St.3d 359, 2008-Ohio-4080.]

(No. 2007–1462—Submitted May 6, 2008—Decided August 19, 2008.)

LANZINGER, J.

{¶ 1} In this case we are asked to determine whether R.C. 2929.18(A)(1) permits a trial court to order a criminal defendant to pay restitution to Ohio's reparations fund. We hold that it does.

## Background

{¶ 2} Defendant-appellee, Charles W. Bartholomew, pleaded guilty to one count of rape of a minor under 13 years of age in violation of R.C. 2907.02(A)(1)(b). The trial court sentenced him to a prison term of ten years, imposed court costs, and ordered him to "pay $426.00 restitution to the Attorney General's Victims of Crime [fund] for reimbursement to the victim" for counseling expenses. Bartholomew did not object to his sentence or to the restitution order.

{¶ 3} Bartholomew appealed the order imposing restitution, arguing that counseling expenses do not constitute "economic loss" under R.C. 2929.18(A)(1).[1] The Third District reversed on other grounds, holding that the current version of R.C. 2929.18(A)(1) does not authorize the trial court to order Bartholomew to pay

---

1. Bartholomew also appealed the length of his sentence, which was upheld and which is not an issue before this court.

restitution to a third party, including the reparations fund in this case. The state appealed, and we accepted this discretionary appeal.

{¶ 4} First, we must clarify a misnomer in the trial court's order. The trial court referred to "the Attorney General's Victims of Crime [fund]" and ordered Bartholomew to pay $426 "for reimbursement to the victim." But there is no fund identified as the "Attorney General's Victims of Crime" fund in the Revised Code. In fact, there are four funds associated with victims of crime: (1) the reparations fund, R.C. 2743.191, (2) the Court of Claims victims of crime fund, R.C. 2743.531, (3) the crime victims recovery fund, R.C. 2929.32(D), and (4) the recovery of offender's profits fund, R.C. 2969.06. The attorney general, however, may order payments to victims only from the reparations fund; therefore, we will focus on that fund.[2]

### Interpretation of R.C. 2929.18(A)(1)

{¶ 5} In 1976, the General Assembly created a reparations fund for purposes of "requir[ing] the state * * * to pay awards of reparations to victims of crimes and their dependents." Title of Sub.H.B. No. 82, 136 Ohio Laws, Part I, 1504. R.C. 2743.52(A) authorizes the attorney general to make awards of reparations for economic loss arising from criminally injurious conduct. In this case, the Attorney General's Office ordered an award of $426 to the victim's mother to reimburse her for the victim's counseling expenses and asked that Bartholomew's sentence include a restitution order in that same amount.

{¶ 6} As part of a defendant's felony sentence, a trial court may impose one or more financial sanctions, including restitution, fines, or costs. R.C. 2929.18. Specifically, R.C. 2929.18(A)(1) provides:

{¶ 7} "[T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

{¶ 8} "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county

---

2. The Court of Claims victims of crime fund is not used to pay victims but to pay the compensation of any Court of Claims judges, commissioners, and staff necessary for hearing victims' appeals of reparation awards. R.C. 2743.531. The last two funds are administered by the clerk of the Court of Claims, see R.C. 2969.12(A) and 2969.04(A), and contain money recovered from the offender through fines imposed under R.C. 2929.32 or the proceeds of a contract with an offender for any portrayal of the offender's offense. R.C. 2969.02.

on behalf of the victim, to the clerk of courts, or *to another agency designated by the court.*" (Emphasis added.)

{¶ 9} Thus, the question in this case is whether the reparations fund created by R.C. 2743.191 is a permissible "agency designated by the court" under R.C. 2929.18(A)(1). We hold that it is.

{¶ 10} When interpreting a statute, "the reviewing court must ascertain the intent of the legislature in enacting the statute. *Rosette* [*v. Countrywide Home Loans, Inc.*], 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599, ¶ 12. To determine the intent of a statute, a court looks to the language of the statute, giving effect to the words used. *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217. A court is neither to insert words that were not used by the legislature nor to delete words that were used. Id." *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless,* 113 Ohio St.3d 394, 2007-Ohio-2203, 865 N.E.2d 1275, ¶ 12.

{¶ 11} From the plain language of the statute, an "agency designated by the court" is one of four possible payees for whose benefit a trial court may order that restitution be paid. To determine whether the reparations fund is such an agency, we look to the legislative intent of the statute. The state argues that because we have previously determined that the Attorney General's office is an agency of the state, *Ohio Boys Town, Inc. v. Brown* (1982), 69 Ohio St.2d 1, 4, 23 O.O.3d 1, 429 N.E.2d 1171, and because the reparations fund is an arm of the Attorney General's Office, it also qualifies as an agency. It is true that the attorney general has significant duties with regard to the reparations fund. The attorney general is responsible for investigating a claim for reparations, R.C. 2743.59; determining whether an application for reparations will be granted, R.C. 2743.52; preparing an annual report of the activities of the program, R.C. 2743.69(A); creating a pamphlet which informs victims of the availability of awards of reparations, R.C. 109.42; and instituting and pursuing legal proceedings against an offender for repayment of an award. R.C. 2743.72(M).

{¶ 12} Even if we did not consider the attorney general's role in the reparations program, it is beyond cavil that the purpose of R.C. 2929.18(A)(1) is to require the offender to reimburse the victim—or whatever entity paid the victim—for the economic loss caused by the crime. In the instant case, the reparations fund paid the victim's mother $426 for counseling expenses incurred as a result of the crime. It is clear, therefore, that the General Assembly intended the reparations fund to be a permissible agency to whom a court may order restitution. In fact, we need not rely on our interpretation of the legislature's intent, plain as it is, because this result is specifically authorized by R.C. 2743.72(E), which states that "[t]he reparations fund is an eligible recipient for payment of restitution."

{¶ 13} Nonetheless, the Third District ignored the plain language of R.C. 2929.18(A)(1) and determined that trial courts no longer have the authority to order that restitution be paid to anyone other than the victim or a survivor of the victim, based on our statement in *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, ¶ 1. There, we stated that on June 1, 2004, "the legislature amended R.C. 2929.18 to delete all references to restitution for third parties. See 2003 Sub.H.B. No. 52." The appellate court's reliance on *Kreischer* is misplaced for two reasons. First, *Kreischer* presented us with a certified conflict on the question whether a trial court may order a convicted defendant in a criminal case to pay restitution to *a third-party insurer* for medical costs it paid on behalf of the victim under former R.C. 2929.18(A)(1), 148 Ohio Laws, Part IV, 8674, 8767. Id. at ¶ 5. We were not dealing with the statutory language at issue here.

{¶ 14} Second, in noting that subsequent amendments to R.C. 2929.18(A)(1) had "delet[ed] all references to restitution for third parties," *Kreisher* at ¶ 1, we were perhaps not as precise as we should have been. The amendments to R.C. 2929.18(A)(1) did not eliminate all third-party payees.[3] As noted above, a trial

---

3. {¶ a} 2003 Sub.H.B. No. 52 amended R.C. 2929.18(A) as follows:

{¶ b} "Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

{¶ c} "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. ~~The~~ If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. ~~The order may include a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense. If reimbursement to third parties is required, the reimbursement shall be made to any governmental agency to repay any amounts paid by the agency to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense before any reimbursement is made to any person other than a governmental agency. If no governmental agency incurred expenses for economic loss of the victim or any survivor of the victim resulting from the offense, the reimbursement shall be made to any person other than a governmental agency to repay amounts paid by that person to or on behalf of the victim or any survivor of the victim for economic loss of the victim resulting from the offense. The court shall not require an offender to repay an insurance company for any amounts the company paid on behalf of the offender pursuant to a policy of insurance.~~ ~~At~~ If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. ~~The~~ If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. ~~The~~ If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

court under the current version of R.C. 2929.18(A)(1) retains the discretion to order that restitution be paid to certain third parties, namely, an adult probation department, the clerk of courts, or another agency designated by the court.

{¶ 15} Bartholomew also relies on decisions from the Third and Fourth Districts in support of his argument that the General Assembly intended to terminate restitution to third parties. In holding that the legislature meant to exclude all third parties, these decisions rely on a passage from the Legislative Service Commission's final Bill Analysis of 2003 Sub.H.B. No. 52, which states that the bill "repeals all of the language that pertains to the restitution order requiring that reimbursement be made to third parties, including governmental agencies or persons other than governmental agencies, for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss." *State v. Didion*, 173 Ohio App.3d 130, 2007-Ohio-4494, 877 N.E.2d 725, ¶ 27; *State v. Smith*, 4th Dist. No. 07CA25, 2008-Ohio-142, 2008 WL 160922, ¶ 4. This reliance on the bill analysis, however, is misplaced. First, the bill analysis notes only that the legislation repealed the language that *required* restitution to third parties. The amendment did not *prohibit* such restitution. Second, the quotation is incomplete. When the omitted language is added, it further refutes the notion that third-party restitution was forbidden: the bill "[m]odifies the provisions regarding restitution as a financial sanction that may be imposed upon a felony offender by: (1) *clarifying that restitution is discretionary* and *repealing the language* that pertains to the restitution order *requiring* that reimbursement be made to third parties, including governmental agencies or persons other than governmental agencies, for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss * * *." (Emphasis added.)

{¶ 16} Thus, it is clear that the General Assembly intended to eliminate any perception that restitution to third parties was *mandatory*. If the General Assembly had truly intended that restitution could be paid only to a victim, it would have eliminated adult probation departments, clerks of courts, and other agencies as designated by the court as possible payees. It would have also repealed R.C. 2743.72(E).

## Conclusion

{¶ 17} Because we must give effect to the statute as written, we hold that R.C. 2929.18(A)(1) authorizes a trial court to order that a criminal defendant pay

---

{¶ d} "~~The~~ If the court imposes restitution, the court may order that the offender pay a surcharge of not more than five per cent of the amount of the restitution otherwise ordered to the entity responsible for collecting and processing restitution payments.

{¶ e} "The victim or survivor may request that the ~~prosecuting attorney~~ prosecutor in the case file a motion, or the offender may file a motion, for modification of the payment terms of any restitution ordered. If the court grants the motion, it may modify the payment terms as it determines appropriate." 150 Ohio Laws, Part III, 3913–3914.

restitution to the reparations fund for payments made by the fund to a victim of crime for economic loss caused by the offender. The judgment of the Crawford County Court of Appeals is reversed.

Judgment reversed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

---

Stanley Flegm, Crawford County Prosecuting Attorney, and Clifford J. Murphy, Assistant Prosecuting Attorney; and Nancy Hardin Rogers, Attorney General, William P. Marshall, Solicitor General, Benjamin C. Mizer and Kimberly A. Olson, Deputy Solicitors, and Melanie Cornelius, Assistant Attorney General, for appellant.

John Spiegel, for appellee.