[Cite as *State v. Perkins*, 190 Ohio App.3d 328, 2010-Ohio-5058.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### SENECA COUNTY

THE STATE OF OHIO,

     APPELLEE,

     v.

PERKINS,

     APPELLANT.

CASE NO. 13-10-02
and
13-10-03

**O P I N I O N**

**Appeals from Seneca County Common Pleas Court**
**Trial Court Nos. 08-CR-0158 and 08-CR-0208**

**Judgments Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision: October 18, 2010**

APPEARANCES:

     Derek W. DeVine, Seneca County Prosecuting Attorney, for appellee.

     Sean A. Martin, for appellant.

ROGERS, Judge.

{¶ 1} Defendant-appellant, William Perkins, appeals from the judgments of the Court of Common Pleas of Seneca County ordering restitution in the amount of $500 to the victim, Richard Mader, $3,619.95 to the Charles Crane Agency, and $12,897.27 to the Ohio Victim of Crime Compensation Program. On appeal, Perkins argues that the trial court erred when it ordered restitution on remand without conducting a hearing and when it designated an insurance company as a restitution recipient. Based on the following, we affirm in part and reverse in part the judgments of the trial court.

{¶ 2} In August 2008, Perkins was indicted in trial court case No. 08CR0158[1] by the Seneca County Grand Jury on eight counts: Count One, breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree; Count Two, aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, with a firearm specification pursuant to R.C. 2941.145; Count Three, complicity to tampering with evidence in violation of R.C. 2923.03(A)(2) and 2921.12(A)(1), a felony of the third degree; Count Four, aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(a), a felony of the fourth degree; Count Five, receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree; Count Six, aggravated possession of drugs in violation

---

[1] We note that trial court case No. 08CR0158 corresponds to case No. 13-10-02, and trial court case No. 08CR0208 corresponds to case No. 13-10-03, with both cases consolidated for purposes of appeal.

of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree,[2] Count Seven, tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree; and, Count Eight, engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree. The indictment arose from Perkins's armed robbery of the Medicine Shoppe Pharmacy in Tiffin, Ohio, where he stole oxycodone. He later used and sold the substance and destroyed and tampered with the evidence associated with the crimes. Perkins subsequently entered a not-guilty plea to all counts in the indictment.

{¶ 3} In September 2008, the trial court dismissed Count Five of the indictment at the request of the state, and a separate indictment in trial court case No. 08CR0208 was issued for receiving stolen property in violation of R.C. 2913.51, with that count interlineated into the original indictment as Count Five. Additionally, the trial court consolidated the two cases for purposes of trial.

{¶ 4} In December 2008, following a jury trial, Perkins was convicted on Counts Four and Six of the indictment, aggravated trafficking in drugs and aggravated possession of drugs, and was acquitted on Count One of the indictment, breaking and entering, and a mistrial was declared as to Counts Two, Three, Five, Seven, and Eight, with the case continued for a new trial to be held on those counts.

---

[2] We note that the indictment contained a typographical error stating that Count Six was a felony of the fourth degree; however, the jury verdict form and judgment entries of conviction and sentencing all correctly stated that it was a felony of the fifth degree.

{¶ 5} In January 2009, pursuant to the request of the state, Count Eight of the indictment was dismissed with prejudice.

{¶ 6} In February 2009, following a second jury trial, Perkins was convicted on Count Two, aggravated robbery, with a finding that he did possess and display a firearm while committing the offense; Count Three, complicity to tampering with evidence; Count Five, receiving stolen property; and Count Seven, tampering with evidence.

{¶ 7} In March 2009, the case proceeded to a sentencing hearing, at which the following discussion took place:

> Trial Court: The Court had an opportunity, I think, quite frankly, before anybody else, or if there was anybody else, just a couple people, to discuss the information supplied by the victim advocate in these cases. And the Court and only that matter was discussed. First, there was a request of $3,619.95 by the Charles Crane Agency, which I assume is the insurance carrier agent for Mr. Mader. Is that correct Ms. Martin?
>
> Victim's Advocate: Yes, that's correct, Your Honor.
>
> Trial Court: Likewise, in this particular case, there was a $500 deductible which was absorbed, paid for, if you will, by Mr. Mader; is that correct?
>
> Victim's Advocate: That's correct.
>
> Trial Court: All right. And the payments to Ms. Schalk-Miller or on her behalf, as on the 27th day of February, 2009, totaled $12,897.27. All of that restitution figure would be made payable to the victim of crime office; is that correct? All right. All right. Ms. Martin, to the best of your knowledge, is there any other restitution in this case?

> Those are the ones we discussed in my office. I know the one's going to be ongoing. But other than that, any others?
>
> Victim's Advocate: No.
>
> * * *
>
> Trial Court: Defendant is ordered to make restitution in the amount of $3,619.95 to the Charles Crane Agency. He is also to make restitution in the amount of $500 to Mr. Mader. It is the expressed intent of this Court that Mr. Mader be paid first before any amount is paid to any insurance company. Likewise, the defendant is ordered to pay the victim of crime $12,987.27.
>
> * * *
>
> He is to receive the appropriate jail credit. Likewise, he is to pay the post release control, I assume is mandatory for five years, as well as the consequences for violation of conditions of post release control imposed by the parole board under Revised Code Section 2967.28.

Subsequently, the trial court sentenced Perkins to a ten-year prison term on Count Two, with an additional three-year prison term on the firearm specification, to be served consecutively to the ten-year prison term; a two-year prison term on Count Three, to be served concurrently to the sentence imposed in Count Two; a 15-month prison term on Count Four, to be served consecutively to the sentences imposed in Counts Two and Three; a 15-month prison term on Count Five, to be served concurrently with Count Four and consecutively to Counts Two and Three; an 11-month prison term on Count Six, to be served concurrently with the sentences imposed in Counts Four and Five and consecutively to the sentences imposed in Counts Two and Three; and a two-year prison term on Count Seven, to

be served consecutively to the sentences imposed in all counts, for a total prison term of 16 years and three months. Additionally, the trial court's judgment entry of sentence ordered restitution in the amount of $17,017.22, but did not state to whom the restitution was to be paid.

{¶ 8} In December 2009, this court affirmed in part and reversed in part the judgments of the trial court in *State v. Perkins*, 3d Dist. Nos. 13-09-14 and 13-09-15, 2009-Ohio-6722, finding no error in the trial court's limitation of Perkins's cross-examination of a witness, but finding that the trial court failed to set forth the recipients of restitution in the judgment entry of sentence. We therefore remanded to the trial court for a journalization of the restitution recipients.

{¶ 9} Subsequently, the trial court filed a nunc pro tunc judgment entry of sentence specifying that Perkins pay restitution in the amount of $500 to Richard Mader, $3,619.95 to the Charles Crane Agency, and $12,897.27 to the Ohio Victim of Crime Compensation Program.

{¶ 10} In January 2010, the trial court filed a second nunc pro tunc entry specifying that Perkins was convicted by a jury trial.

{¶ 11} It is from the trial court's nunc pro tunc judgment entry of sentence specifying restitution recipients that Perkins appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

The trial court erred when it amended the restitution order in Mr. Perkin's [sic] sentence on remand without holding a hearing, a violation of his rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

*Assignment of Error No. II*

The trial court erred when it entered a restitution order pursuant to Ohio Rev. Code § 2929.18(A)(1) designating an insurance company as a recipient.

{¶ 12} Due to the nature of appellant's arguments, we elect to address his assignments of error together.

*Assignments of Error Nos. I and II*

{¶ 13} In his first assignment of error, Perkins argues that the trial court erred in amending the restitution order by means of a nunc pro tunc entry and without holding a hearing on restitution. Specifically, he contends that inserting the recipients to the restitution order added a term of enforceability to the order, which is beyond a nunc pro tunc's limited purpose to correct clerical errors, and that a hearing on restitution was required under the Fifth and Fourteenth Amendments to the United States Constitution because he was being deprived of his property interest.

{¶ 14} In his second assignment of error, Perkins argues that the trial court erred in ordering restitution to an insurance company when such recipients are prohibited under R.C. 2929.18(A)(1).

{¶ 15} A nunc pro tunc entry is the procedure used to correct clerical errors in judgment entries, and the trial court retains jurisdiction to correct these errors. *State v. Yeaples*, 180 Ohio App. 3d 720, 2009-Ohio-184, ¶ 15. See also *Roth v. Roth* (1989), 65 Ohio App.3d 768, 771; *State v. Powell*, 3d Dist. No. 10-07-12, 2008-Ohio-1012, ¶ 8. "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *State v. Brown* (2000), 136 Ohio App.3d 816, 819-820, citing *Dentsply Internatl., Inc. v. Kostas* (1985), 26 Ohio App.3d 116, 118. "The purpose of nunc pro tunc orders * * * is to officially record actions that were actually taken**,** but not duly recorded." *State v. Arnold*, 2d Dist. No. 22856, 2009-Ohio-3636, ¶ 56. Moreover, a trial court may correct its omission of a restitution order in its sentencing entry through the use of a nunc pro tunc entry when it ordered restitution on the record at sentencing but failed to include it in the entry. See *State v. Roach*, 2d Dist. No. 23317, 2010-Ohio-556, ¶ 4.

{¶ 16} R.C. 2929.18 governs an order of restitution and provides:

(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

> (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. * * * If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

In light of the statute's requirement that only a victim of the crime or survivor of the victim be authorized to receive restitution, a trial court may not order restitution to an insurance company for amounts expended to cover the victim of a crime. *State v. Didion*, 173 Ohio App.3d 130, 2007-Ohio-4494, ¶ 29-31; *State v. Colon*, 185 Ohio App.3d 671, 2010-Ohio-492, ¶ 6; *State v. Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135, ¶ 10.

{¶ 17} At the March 2009 sentencing hearing, the trial court stated on the record that Perkins must pay restitution in the amount of $500 to the victim, Richard Mader, $3,619.95 to the Charles Crane Agency, and $12,897.27 to the Ohio Victim of Crime Compensation Program. However, the trial court failed to include in its subsequent judgment entry of sentence that these parties were to receive restitution, and only ordered restitution in a lump sum amount of $17,017.22. After this court's remand to the trial court to include the recipients of restitution, the trial court filed a nunc pro tunc entry that was the same as the

original sentencing entry but included the specific restitution recipients, along with the amount each was to be paid.

{¶ 18} Accordingly, because the trial court stated on the record at sentencing the specific recipients of restitution and the amounts to be paid to each, but failed to include the specific recipients in the sentencing entry, we find the omission to be a clerical error and one that was properly corrected by a nunc pro tunc entry. It is clear that the trial court meant to order restitution to the specific parties, but mistakenly omitted them in the judgment entry. Moreover, we note that Perkins never disputed the amount of restitution, which would have required the trial court to hold a hearing on the matter as set forth under R.C. 2929.18(A)(1).

{¶ 19} However, we also note that the trial court improperly awarded restitution to the Charles Crane Agency in the amount of $3,619.95. The insurance agency was not a victim of Perkins's crime, and, therefore, was not an eligible restitution recipient pursuant to R.C. 2929.18(A)(1).[3]

---

[3] The trial court also ordered Perkins to pay restitution to the Ohio Victims of Crime Compensation Program, a reparations fund of the Ohio Attorney General promulgated under R.C. 2743.191. Such an award has been found to be permissible by the Supreme Court of Ohio in *State v. Bartholomew*, 119 Ohio St.3d 359, 2008-Ohio-4080.

However, this author contends that such an order constitutes an award of restitution to a third party, which is clearly prohibited under the 2003 amendment to R.C. 2929.18(A).

R.C. 2929.18(A)(1) unequivocally states that the trial court may order restitution only to the "victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." This language cannot reasonably be interpreted to include either an insurance company or the Ohio Victims of Crime Compensation Program. In *Bartholomew*, the Supreme Court relied on the second sentence of R.C. 2929.18(A)(1), "(i)f the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of

**{¶ 20}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued in assignment of error number one, but having found error prejudicial to the appellant herein in the particulars assigned and argued in assignment of error number two, we affirm in part and reverse in part the judgments of the trial court, and we remand this matter for further proceedings consistent with this opinion.

> Judgments affirmed in part
> and reversed in part,
> and cause remanded.

SHAW and PRESTON, JJ., concur.

---

the victim, to the clerk of courts, or to *another agency designated by the court*." The court then concluded that the reparations fund was *another agency designated by the court*! *Bartholomew,* 119 Ohio St.3d 359, at ¶ 8, 11-12. The court chose to ignore the necessary condition precedent that the trial court must first (and only) order the restitution to a victim or the victim's survivor. I would also note that if a court ordered payment to the Clerk or Adult Probation Department, or any other *agency designated by the court,* it would be only as a collection mechanism, not as the recipient of the restitution.

Furthermore, the Supreme Court also relied on R.C. 2743.72(E) as specifically authorizing payment to the reparations fund. However, since R.C. 2743.72(E) predated the amendment to R.C. 2929.18(A), I would find that the later amended statute controls.

This author suggests that the Supreme Court has interpreted the statute as it wishes it to read, not as the legislature drafted it.