The STATE of Ohio, Appellee,

v.

BERLINGER, Appellant.

[Cite as *State v. Berlinger*, 194 Ohio App.3d 145, 2011-Ohio-2223.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–100541.

Decided May 11, 2011.

Joseph T. Deters, Prosecuting Attorney, and Rachel Lipman Curran, Assistant Prosecuting Attorney, for appellee.

Sheila Kyle–Reno, Hamilton County Public Defender, and Robert R. Hastings Jr., Appellate Director, for appellant.

HILDEBRANDT, Presiding Judge.

{¶ 1} Defendant-appellant, Courtney Berlinger, appeals the judgment of the Hamilton County Court of Common Pleas ordering her to pay restitution in a prosecution for felony theft.

{¶ 2} Berlinger entered a guilty plea to theft, a felony of the fifth degree. The basis of the charge was that she had stolen steel valued at $13,148 from Metro Deck Inc. A victim-impact statement indicated that Metro Deck had been reimbursed in full for the value of the stolen items by its insurer. Still, the trial court ordered Berlinger to pay restitution to Metro Deck for the entire amount.

{¶ 3} In a single assignment of error, Berlinger now argues that the trial court erred in ordering her to pay restitution when the victim had already been reimbursed.

{¶ 4} We find no error in the trial court's order. In 2004, the General Assembly amended R.C. 2929.18 to remove a trial court's authority to order that restitution be paid to a party other than the victim of an offense, the victim's survivor, or certain agencies designated by the court.[1] R.C. 2929.18(A)(1) now provides that the court may order "[r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court."

{¶ 5} Berlinger cites a number of cases for the proposition that the order in this case was unlawful under the current version of the statute.[2] But in the cases cited by Berlinger, restitution was ordered to be paid directly to the victims' insurers.[3]

{¶ 6} Here, the trial court ordered that the restitution be paid to the victim, not to the victim's insurer. The court therefore did not act outside the authority granted to it under R.C. 2929.18(A)(1).

{¶ 7} Nonetheless, Berlinger suggests that the trial court erred because Metro Deck did not suffer any "economic loss" within the meaning of the statute. We disagree. Metro Deck suffered economic loss in the amount of $13,148. Although insured, Metro Deck paid premiums to secure the coverage in an amount that would cover the theft. And in any event, the fact that Metro Deck was insured should not redound to the benefit of Berlinger, who caused the economic loss. The trial court acted in conformity with R.C. 2929.18(A)(1), and we overrule the assignment of error.

{¶ 8} The judgment of the trial court is affirmed.

Judgment affirmed.

SUNDERMANN and CUNNINGHAM, JJ., concur.

---

**1.** See *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, and *State v. Bartholomew*, 119 Ohio St.3d 359, 2008-Ohio-4080, 894 N.E.2d 307.

**2.** *Kreischer; State v. Perkins*, 190 Ohio App.3d 328, 2010-Ohio-5058, 941 N.E.2d 1227; *State v. Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135, 930 N.E.2d 838.

**3.** See *Kreischer* at ¶ 13; *Perkins* at ¶ 19; and *Moss* at ¶ 10.