[Cite as *State v. Perkins*, 2011-Ohio-3129.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 13-10-50

      v.

WILLIAM H. PERKINS, JR.,           O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 13-10-51

      v.

WILLIAM H. PERKINS, JR.,           O P I N I O N

      DEFENDANT-APPELLANT.

Appeals from Seneca County Common Pleas Court
Trial Court Nos. 08-CR-0518 and 08-CR-0208

Judgments Affirmed in Part, Reversed in Part and Causes Remanded

Date of Decision: June 27, 2011

Case Nos. 13-10-50 and 13-10-51

**APPEARANCES:**

    *William H. Perkins, Jr.,* **Appellant**

    *Derek W. DeVine* **for Appellee**

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, William H. Perkins, Jr. ("Perkins"), pro se, appeals the judgment entry of the Seneca County Court of Common Pleas, correcting the restitution judgment from his prior judgment of sentence. On appeal, Perkins contends that the judgment is not a final appealable order because he maintains that the trial court failed to set forth the total amount of restitution owed and it failed to identify the specific recipients. For the reasons set forth below, the judgment is affirmed in part, reversed in part and remanded.

{¶2} In August 2008, the Seneca County Grand Jury returned an eight-count indictment against Perkins for numerous felonies associated with the armed robbery of The Medicine Shoppe Pharmacy in Tiffin, Ohio. On December 29, 2008, a jury convicted Perkins of aggravated possession of drugs and aggravated trafficking in drugs, but acquitted him of breaking and entering. The jury was not able to reach a verdict concerning the remaining five counts, which were scheduled for retrial.

{¶3} In February 2009, the State dismissed one of the counts and retried Perkins on the remaining four counts of aggravated robbery, receiving stolen property, tampering with evidence, and complicity to tampering with evidence. The jury returned guilty verdicts on all four counts. The two cases were consolidated for sentencing and for appeal.

{¶4} A sentencing hearing was held on March 5, 2009, and the trial court sentenced Perkins to a total of sixteen years and three months in prison. The trial court also ordered Perkins "to pay restitution in the amount currently totaling $17,017.22." (March 6, 2009 Nunc Pro Tunc Judgment Entry of Sentencing.)

{¶5} Perkins appealed and this Court affirmed in part and reversed in part. See *State v. Perkins*, 3d Dist. Nos. 13-09-14, 13-09-15, 2009-Ohio-6722 (hereinafter, "*Perkins I*"). We remanded the case because the judgment entry of sentencing failed to specify the recipients of the restitution, even though the trial court had stated this at the sentencing hearing.

{¶6} Subsequently, the trial court filed a nunc pro tunc judgment entry of sentence specifying that Perkins pay restitution in the amount of $500 to Richard Mader, $3,619.95 to the Charles Crane Agency, and $12,897.27 to the Ohio Victims of Crime Compensation Program. In January 2010, the trial court filed a second nunc pro tunc entry specifying that Perkins was convicted by a jury trial.

**{¶7}** Perkins appealed this judgment entry, complaining that the trial court erred when it issued the nunc pro tunc judgment without holding a hearing and that the trial court erred in ordering restitution to an insurance company when such recipients are prohibited under R.C. 2929.18(A)(1). We reversed in part because the trial court improperly awarded restitution to the Charles Crane Agency, an insurance company, which was not a victim of Perkin's crime and, therefore, was not an eligible restitution recipient pursuant to R.C. 2929.18(A)(1). *State v. Perkins*, 190 Ohio App.3d 328, 2010-Ohio-5058, 941 N.E.2d 1227 (hereinafter, "*Perkins II*"). See, also, *Perkins I*, 2009-Ohio-6722 at ¶9 (stating that before the 2004 amendment to the statute, restitution was permitted to be paid to insurance companies, but after the statute was amended, payment of restitution was limited to those named in the statute.)

**{¶8}** On November 24, 2010, the trial court issued a new "Judgment Entry

of Sentence – Nunc Pro Tunc,"[1] ordering Perkins to pay restitution "in the amount of $500 to the victim, Richard Mader, and in the amount currently totaling $12,897.27 to the Ohio Victim[s] of Crime Compensation Program, * * *" but rescinding the order to pay the insurance company, pursuant to our decision in *Perkins II*. It is from this judgment that Perkins now appeals, raising the following assignment of error for our review.

## Assignment of Error

**The trial court erred and violated [Perkin's] right to due process under the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution pursuant to Ohio Revised Code 2505.02(b) when it failed to enter a final, appealable order.**

{¶9} In his sole assignment of error, Perkins argues that the trial court erred in issuing its latest judgment entry of sentencing because it failed to provide a final total amount of restitution and it failed to disclose the recipient victim of the Ohio

---

[1] Although the trial court labeled this decision as a "nunc pro tunc" judgment entry, for the purposes of this appeal, it is the final, original judgment. See *State v. Lampkin*, 6th Dist. No. L-09-1270, 2010-Ohio-4934. A "nunc pro tunc" entry is used to fix mere clerical mistakes, not to make substantive changes that do not reflect what actually occurred on the record. See Crim.R. 36; *Perkins II*, at ¶15. Therefore, upon remand, the trial court should have conducted a "resentencing" for the sole, limited purpose of correcting the portion of the sentence that ordered payment of restitution to the insurance company. Defendants have the right to be present at all critical stages of a trial, including sentencing. *State v. Hill*, 73 Ohio St.3d 433, 1995-Ohio-287, 653 N.E.2d 271. However, that right is not absolute. Id. at 444. Often courts have found that while it was an error for the defendant to have not been present, it was a harmless error. The distinction to be made is whether the proceeding is so critical that the defendant's absence results in a prejudicial error, thereby thwarting a fair and just hearing. *State v. White* (1998), 82 Ohio St.3d 16, 26, 693 N.E.2d 772. In this case, the modification to his sentence was in Perkins' favor, resulting in a reduction of restitution by over $12,897. Perkins was fully aware of the order to modify restitution because he was the party that raised the issue on appeal. See *Perkins II*. Furthermore, Perkins did not raise the issue of his absence at the resentencing on appeal, thereby waiving it.

Victims of Crime Compensation Fund. He claims that the failure to finalize the restitution order renders the judgment void under R.C. 2505.02(B) for lack of a final appealable order.

{¶10} R.C. 2505.02(B) requires a final order to "determine the action." A judgment is not a final appealable order if it leaves issues unresolved and contemplates that further action must be taken. *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 816 N.E.2d 597, 2004-Ohio-5580, ¶4. See, also, *State v. Kline*, 3d Dist. No. 7-10-09, 2010-Ohio-6378, ¶3.

{¶11} R.C. 2929.18 provides the guidelines for financial sanctions and the payment of restitution and states that:

> **(A) * * * [f]inancial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:**
>
> **(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. *If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court.* If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the**

**offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. \* \* \***

(Emphasis added.)  R.C. 2929.18(A)(1)

{¶12} Perkins is concerned that the language used by the trial court implies that the amount of restitution could change/increase in the future, and therefore, the trial court's judgment did not state an absolute, final amount.  Perkins has interpreted the trial court's wording ordering him to pay "in the amount *currently totaling* $12,897.27," to mean that, although the *current* total is $12,897.27, there could potentially be additional expenses in the future which would modify the amount of restitution.

{¶13} While we acknowledge that this could be one understanding of the court's wording, we find that the more plausible interpretation is that the total calculated at the time of the judgment was a *current* and correct total.  There is nothing in the judgment entry to indicate that it was subject to change.  Furthermore, the prior actions of the trial court support the finding that this is the correct meaning.  The trial court originally ordered this amount to be paid in March of 2009.  Nineteen months later, in November of 2010, the trial court issued a new, corrected judgment entry that still ordered the same amount of restitution to be paid to the Victims of Crime program.  If the trial court had

intended the amount of restitution to be increased or updated, it would not have ordered the identical restitution that it ordered in 2009.

{¶14} Furthermore, as Perkins has argued, if the amount of restitution was left as an open-ended amount, the judgment would not have been a final appealable order. In construing a judgment, it may be presumed that the court intended to render a valid, and not a void, judgment. 62 Ohio Jurisprudence 3d (2011) Judgments, §32. Where a judgment entry is susceptible to more than one interpretation, "we must indulge in the presumption that the trial court's intention was to act within the scope of its authority and render a valid judgment." *Fry v. Fry* (1989), 64 Ohio App.3d 519, 523, 582 N.E.2d 11. See, also, *Seitz v. Seitz* (1951), 92 Ohio App. 338, 342, 102 N.E.2d 24. Therefore, we interpret the trial court's judgment to mean that he is ordered to pay exactly $12,897.27 to the Ohio Victims of Crime Compensation Fund, as well as $500 to Richard Mader.

{¶15} Perkin's second issue pertaining to the restitution order complains that it fails to identify the victim by name. The trial court ordered restitution to be paid to two parties: (1) Richard Mader, and (2) the Ohio Victims of Crime Compensation Program. These are both parties that are authorized under the statute, and the statute does not require the trial court to provide any additional information concerning the recipient victims in its judgment entry. Pursuant to the testimony in the record of the sentencing hearing, Mr. Mader, as the proprietor of

The Medicine Shop, was a victim of the crime and the $500 restitution is to reimburse him for the amount of the insurance deductible that he had to personally pay for the losses resulting from the armed robbery.

{¶16} The Ohio Victims of Crime Compensation Program is a reparations fund of the Ohio Attorney General promulgated under R.C. 2743.191. The Program helps repay victims for financial losses they suffer when people are physically injured, emotionally harmed, or killed as a result of violent criminal acts. An award of restitution to this fund has been found to be permissible by the Supreme Court of Ohio in *State v. Bartholomew*, 119 Ohio St.3d 359, 2008-Ohio-4080, 894.N.E.2d 307.[2]

{¶17} According to the sentencing transcript, the trial court stated that payments from the program in an amount totaling $12,897.27, were made to Ms. Schalk-Miller,[3] a victim of the armed robbery, or on her behalf. (Mar. 5, 2009 Sent. Tr., p. 4.) However, nothing in the statute requires the trial court to include the name of any "recipient victim" in the judgment entry; the Ohio Victims of Crime Compensation Program *is the intended recipient* of the ordered restitution. See R.C. 2929.18(A)(1) (stating that "the court shall order that the restitution be

---

[2] But, see, *Perkins II*, ¶19, fn.3.
[3] The victim, Ms. Schalk-Miller, spoke at the sentencing hearing about the trauma she suffered as a result of the armed robbery.

made to the victim in open court, * * * *or to another agency designated by the court.*") (Emphasis added.)

{¶18} The corrected judgment entry concerning restitution complies with the statutory requirements and is a final order as to the amount of restitution ordered. Perkins never disputed the amount of restitution, so no further hearing was required on that issue. See *Perkins II*, 2010-Ohio-5058 at ¶18. Based on all of the above, Perkin's assignment of error is overruled as it pertains to the issues raised by Perkins on the matter of restitution.

{¶19} However, we sua sponte take notice of an error in the judgment entry pertaining to the imposition of post-release control. The judgment entry states:

> **The court has notified the Defendant that post release control is mandatory in this case up to a maximum of five (5) years, as well as the consequences for violation conditions [sic] of post release control imposed by the Parole Board under Revised Code Section 2967.28.**

(Nov. 24, 2010 J.E., p.4.)

{¶20} This is an incomplete statement of the law. R.C. 2929.14 requires a trial court to inform a defendant that a *definitive*, mandatory term of five years of post-release control will be imposed for the degree of felonies for which Perkins was convicted. There is no provision for imposing a term of "up to" five years of post-release control. R.C. 2967.28(B) states that "a period of post-release control required by this division for an offender *shall be* of one of the following periods:

-10-

(1) For a felony of the first degree or for a felony sex offense, *five years*; * * *"

(Emphasis added.)  See, also, *State v. Riggans*, 3d Dist. No. 1-09-56, 2010-Ohio-1254, ¶16.

{¶21} Furthermore, although the trial court informed Perkins, at the sentencing hearing and in the judgment entry, that he would be subject to "consequences" imposed by the parole board if he violated the conditions of his post-release control, the trial court did not explicitly specify that the parole board could impose an additional prison term of up to one-half of his prison sentence for a violation of post-release control.  See R.C. 2929.19(B)(3)(c) and (e); *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶11; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶77.  The specific post-release control sanctions must be included in the judgment entry journalized by the court, along with the potential penalty for violating the sanctions.  *Singleton* at ¶11.

{¶22} For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts shall apply the procedures set forth in R.C. 2929.191 to correct the sentence.  *Singleton*, at paragraph two of the syllabus.  The trial court is required to hold a hearing on this matter, although the defendant's attendance at the hearing may be by video conference pursuant to R.C. 2929.191(C):

**On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.**

{¶23} However, it is *only* the post-release aspect of Perkin's sentence which must be rectified or amended; the remainder of the sentence remains valid under the principles of res judicata. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph three of the syllabus. The new hearing is limited to the proper imposition of post-release control. Id. at ¶28. Therefore, we remand this matter for further proceedings consistent with this decision.

{¶24} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued in his assignment of error, we affirm the judgment of the trial court as to the issues pertaining to his assignment of error. However,

having sua sponte found that the trial court erred in the proper imposition of post-release control, we reverse the judgment entry as to this issue and remand for resentencing pursuant to R.C. 2929.191.

**_Judgments Affirmed in Part,_**
**_Reversed in Part and_**
**_Causes Remanded_**

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**