[Cite as *State v. Martin*, 2013-Ohio-2441.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110204 |
| | | TRIAL NO. B-0803273 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ANTONIO MARTIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  June 14, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Scott A. Rubenstein*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**HENDON**, **Presiding Judge.**

{¶1} This matter is before us on the granting of defendant-appellant Antonio Martin's application to reopen his appeal under App.R. 26(B) on the sole issue of whether the trial court erred when it ordered Martin to pay $85,000 in restitution to the State Farm Insurance Company ("State Farm").

## Facts and Procedural Posture

{¶2} Martin was charged with three counts of arson in connection with burning down his own house. Count one charged that Martin had "by means of a fire or explosion, knowingly created a substantial risk of serious harm" to the emergency personnel responding to the fire. Count two charged Martin with causing physical harm to an occupied structure. And count three charged that Martin had created a substantial risk of physical harm to property "with purpose to defraud." Following a jury trial, Martin was found guilty of counts one and two. The jury was hung on count three. That charge was ultimately dismissed.

{¶3} The trial court merged the arson offenses, and sentenced Martin to a total of five years' incarceration. It also ordered him to make restitution to the responding fire department and to Martin's insurance company, State Farm.

{¶4} In his first assignment of error, Martin claims that the trial court erred when it ordered him to pay restitution to "nonvictim" third parties State Farm and the responding fire department. In his second assignment of error, Martin claims that the trial court erred by sentencing him on allied offenses of similar import. Based on this court's ruling allowing Martin to reopen his appeal, Martin cannot challenge the trial court's order of restitution to the fire department, nor can he raise an allied-offenses argument. App.R. 26(B)(7); *State v. Moss*, 10th Dist. No. 00AP-

574, 2005-Ohio-6806. The second assignment of error is therefore overruled. And we proceed on the sole issue of whether the trial court erred when it ordered Martin to pay restitution to State Farm.

### Restitution Award

{¶5} Because Martin did not object to the order of restitution at the time it was made, we review the record for plain error. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978).

{¶6} R.C. 2929.18(A)(1) authorizes a trial court to award restitution "to the victim of an offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." An amendment to this statute in 2004 deleted a provision allowing reimbursement "to third parties for amounts paid to or on behalf of the victim * * * for economic loss resulting from the offense." *See* R.C. 2929.18(A)(1), 148 Ohio Laws, Part IV, 8674, 8767. This amendment narrowed the class of parties eligible for restitution to the actual victim of a crime, and to certain third parties that are not relevant to this appeal. *State v. Bartholomew*, 119 Ohio St.3d 359, 2008-Ohio-4080, 894 N.E.2d 307,¶ 14; *State v. Berlinger*, 194 Ohio App.3d 145, 2011-Ohio-2223, 954 N.E.2d 1290 (1st Dist.).

{¶7} Here, State Farm was not the victim of either of Martin's crimes. In pertinent part, *Black's Law Dictionary* 1703 (9th Ed.2009) defines "victim" as a person or entity "harmed by a crime." Here, State Farm may have suffered collateral damage by Martin's crimes, but Martin was not convicted of setting fire to his own home with the "purpose to defraud." The trial court erred, therefore, in ordering restitution to State Farm. *Compare State v. Hess*, 2d Dist. No. 24453, 2012-Ohio-961 (restitution to insurance company allowed under R.C. 2929.18(A)(1) where

defendant was convicted of insurance fraud since the insurance company was the victim of the fraud).

{¶8} We therefore sustain Martin's first assignment of error in part, and remand this cause to the trial court with instructions to vacate that part of Martin's sentence ordering him to pay State Farm $85,000 in restitution. The balance of the trial court's judgment is affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

**HILDEBRANDT** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.