[Cite as *State v. Revere*, 2022-Ohio-3803.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,

    Plaintiff-Appellee,

vs.

BRIAN REVERE,

    Defendant-Appellant.

:
:
:
:
:
:
:

APPEAL NO. C-220018
TRIAL NOs. 20TRC-13678A
20TRC-13678B

*O P I N I O N.*

Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From are: Reversed and remanded

Date of Judgment Entry on Appeal: October 26, 2022

*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Amber H. Daniel*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Presiding Judge.**

{¶1}    After driving his car onto a stranger's front porch and inflicting roughly $30,000 worth of damage, defendant-appellant Brian Revere was charged and convicted of operating a motor vehicle while under the influence of alcohol and/or a drug of abuse, in violation of R.C. 4511.19(A)(1)(a), and failure to maintain reasonable control in violation of R.C. 4511.202(A).   During his sentencing and restitution hearing, the trial court imposed a 12-year license suspension and $5,000 in restitution to his victim, which Mr. Revere challenges on appeal.   The state concedes error on the length of the license suspension, and we hold that the state failed to challenge evidence that demonstrated that Mr. Revere's insurance would cover the damages, rendering the $5,000 award inappropriate.   We accordingly reverse the challenged portions of the trial court's sentencing dispositions and remand for further proceedings consistent with this opinion.

I.

{¶2}    In June 2020, while driving under the influence, Mr. Revere's car left the road and veered straight into the porch of the home of Susan Forman and Michael Jones, causing substantial damage to the porch.   After Mr. Revere pleaded no contest, the trial court found him guilty and ordered a presentence investigation report and a victim impact statement.   After an issue arose during the sentencing hearing regarding restitution, the trial court continued sentencing for a restitution hearing.

{¶3}    At the hearing, the prosecution presented a list of Ms. Forman and Mr. Jones's expenses incurred to repair the porch, totaling $30,233.88.   Of that amount, Ms. Forman's insurance company (Allstate) had covered $9,048.88, so the state suggested that this left $21,185 uncovered.   But Mr. Revere offered into evidence a

2

letter from his insurance company, Progressive, that indicated that Progressive had assumed liability for the incident:

> Please be advised that Allstate Insurance has handled the damage to the home owned by Michael Jones in the above captioned loss. Progressive has accepted liability and is working with Allstate to get the documentation needed to reimburse/pay the property damage claim.

{¶4} Ms. Forman explained that Allstate had been administering her claim, and that each contractor at that time who had performed work on her house had been paid (representing the $9,000 figure). The additional amount (just over $21,000) reflected estimates for contractors who had not yet started their work on the house. In other words, every contractor who had performed work on the porch by that point had been fully paid. The trial court ultimately imposed 180 days in jail, a $525 fine, a 12-year license suspension and restitution in the amount of $5,000. On appeal, Mr. Revere only challenges the length of the license suspension and the restitution amount.

## II.
### A.

{¶5} In his first assignment of error, Mr. Revere asserts that the trial court mistakenly used a two-prior violation sentencing enhancement statute in imposing the 12-year license suspension, when it should have used a one-prior violation sentencing enhancement statute. The state concedes this error, acknowledging that the trial court mistakenly selected the wrong sentencing enhancement.

{¶6} This is Mr. Revere's second OVI conviction in the past ten years and second overall. Mr. Revere's sentence was evidently enhanced by the trial court in

reliance upon R.C. 4511.19(G)(1)(c)(iv), which calls for a license suspension for a period of *two to twelve years* if the defendant has previously been convicted of *two* OVI offenses within ten years of the current offense. However, as both parties correctly point out, R.C. 4511.19(G)(1)(b)(iv) provides the appropriate sentencing enhancement for Mr. Revere, which applies if a defendant has previously been convicted of *one* OVI offense within ten years of the current offense and calls for a license suspension for a period of *one to seven years.*

{¶7} We agree with both parties that the trial court mistakenly invoked the wrong code section. We accordingly sustain Mr. Revere's first assignment of error and remand for the trial court to impose a license suspension consistent with R.C. 4511.19(G)(1)(b)(iv).

B.

{¶8} In his second assignment of error, Mr. Revere faults the trial court for misapplying R.C. 4511.19(G)(7), by ordering him to pay $5,000 in restitution when he demonstrated at the restitution hearing that his insurance company would reimburse Ms. Forman (and/or Allstate) for the work performed on her house. The state disputes the point, countering that Mr. Revere's insurance has not covered the remaining costs of Ms. Forman's repairs—namely $21,185. Even though R.C. 4511.19(G)(7) places a restitution limit of $5,000 on defendants who do not have insurance, the state asserts that Ms. Forman should not suffer a loss for something that was not her fault, justifying the restitution award.

{¶9} We review non-felony trial court restitution orders under an abuse of discretion standard, *State v. Lynn,* 1st Dist. Hamilton No. C-150569, 2016-Ohio-2849, so we will not reverse unless the court exercised its discretionary judgment over the

matter in an unwarranted way or committed legal error. *See Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. The state/victim bears the burden of establishing the amount of restitution. R.C. 2929.28(A)(1).

{¶10} We begin our analysis, as we must, with the language of the relevant statute. R.C. 4511.19(G)(7) provides that any offender who is convicted of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them:

> shall provide the court with proof of financial responsibility as defined in section 4509.01 of the Revised Code. If the offender fails to provide the proof of financial responsibility, the court, in addition to any other penalties provided by law, may order restitution pursuant to section 2929.18 or 2929.28 of the Revised Code in an amount not exceeding five thousand dollars for any economic loss arising from an accident or collision that was the direct and proximate result of the offender's operation of the vehicle before, during, or after committing the offense for which the offender is sentenced under division (G) of this section.

{¶11} Additionally, the legislature defined "proof of financial responsibility" under R.C. 4509.01(K) as "proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle * * * in the amount of twenty-five thousand dollars because of injury to property of others in any one accident."

{¶12} The state maintains that this court has held that ordering additional restitution over the amount that insurance covers is appropriate if the amount paid did not cover the offense. *State v. Berlinger*, 194 Ohio App.3d 145, 2011-Ohio-2223,

954 N.E.2d 1290 (1st Dist.). Even if this represents a fair reading of *Berlinger* (and the defense insists that we have effectively overruled that case), *Berlinger* does not apply because Progressive, Mr. Revere's insurer, accepted liability for the claim and agreed to reimburse or pay for all damages. In other words, the victim will be made whole, and the victim's insurer does not have to foot the bill.

{¶13} At oral argument, the state questioned whether Progressive would actually cover all damages. We admittedly have no crystal ball, but Progressive said it would, and the state never took issue with that representation below. Certainly, the state could have questioned these matters before the trial court, but it cannot now (nor does it) dispute that Mr. Revere established "proof of financial responsibility" under R.C. 4509.01(K) before the trial court.

{¶14} The trial court abused its discretion by relying on the second part of the statute to impose restitution, in the sentence that begins: "If the offender fails to provide the proof of financial responsibility * * *." That sentence (which allows the court to impose up to $5,000 in restitution) does not apply to Mr. Revere in light of the fact that he established proof of financial responsibility. Nor do we have to question the adequacy of the financial responsibility because the state never challenged below the adequacy of Mr. Revere's coverage by Progressive.

{¶15} Because Mr. Revere was able to demonstrate that his insurance company will be providing reimbursement to Ms. Forman and Mr. Jones and because the trial court failed to apply R.C. 4511.19(G)(7) correctly, we sustain Mr. Revere's second assignment of error.

\*     \*     \*

6

**{¶16}** In light of the foregoing analysis, we sustain Mr. Revere's two assignments of error, and reverse in part the judgments of the trial court and remand this cause for the court to impose a license suspension consistent with R.C. 4511.19(G)(1)(b)(iv) and to eliminate the restitution award.

Judgments reversed and remanded.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.