[Cite as *State v. Moyer*, 2011-Ohio-5206.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                 :          C.A. CASE NO.    24415

v.                                     :          T.C. NO.    10CR2667

LOREN F. MOYER                         :          (Criminal appeal from
                                        Common Pleas Court)

    Defendant-Appellant              :

                                        :

. . . . . . . . . .

# O P I N I O N

Rendered on the ___7th___ day of ___October___, 2011.

. . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

RICHARD HEMPFLING, Atty. Reg. No. 0029986, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   This matter is before the Court on the Notice of Appeal of Loren Moyer, filed January 3, 2011.   On September 30, 2010, Moyer was indicted on one count of theft from an elderly or disabled person, and one count of tampering with records.   The indictment lists

11 victims and states that Moyer obtained $25,000.00 from them between February 9, 2006 and July 27, 2009. The victims were disabled residents of two group homes managed by Moyer in her capacity as an employee of Graceworks.

{¶ 2} On November 16, 2010, Moyer pled guilty to theft from an elderly or disabled person ($25,000.00), in violation of R.C. 2913.02(A)(2), a felony of the second degree, and the remaining charge was dropped. The State filed a memorandum regarding sentencing, in which it argued that Graceworks' insurance company reimbursed the victims for their loss, and Graceworks also incurred a deductible under the policy of $2,500.00. The State further asserted that Graceworks employed a Certified Fraud Examiner ("CFE") to document the thefts, and that the CFE conducted an audit and provided a detailed report spanning the relevant date range and covering the 11 victims. The final bill for the audit was $25,000.00, according to the State. The State asserted that Graceworks is entitled to restitution for the above amounts.

{¶ 3} In a responsive memorandum, Moyer asserted that she voluntarily entered into a restitution agreement with Graceworks' insurance carrier for the full amount of the thefts. She further asserted that Graceworks, as a third party, is not a victim herein and is accordingly not entitled to restitution.

{¶ 4} On December 20, 2010, the trial court sentenced Moyer to two years in prison, and it ordered her to pay restitution to Graceworks in the amount of $27,500.00. The court noted at sentencing that "under Ohio Law, there is insurance involved in this case. The victims have been reimbursed through insurance as far as the information provided to this Court. Under Ohio Law, third parties can't be awarded restitution. No money, thus, is

awarded to an insurance company, but the $27,500 reimburses Graceworks." Moyer objected at the sentencing hearing that Graceworks, as a third party, was not entitled to restitution. Moyer did not dispute the amount of restitution ordered.

{¶ 5} Moyer asserts the following sole assigned error:

{¶ 6} "THE TRIAL COURT ERRED IN ORDERING THAT APPELLANT PAY RESTITUTION TO A THIRD PARTY ENTITY THAT WAS NOT A VICTIM WITHIN THE MEANING OF R.C. 2929.18."

{¶ 7} The versions of R.C. 2929.18(A)(1) in effect between February 9, 2006 and July 27, 2009, provided in relevant part that a trial court, when "imposing a sentence upon an offender for a felony" may impose financial sanctions, including "[r]estitution * * * in an amount based on the victim's economic loss." "The statute sets forth four possible payees to whom the court may order restitution to be paid: the victim or survivor of the victim, the adult probation department that serves the county on behalf of the victim, the clerk of courts, and 'another agency designated by the court,' such as the crime victims' reparations fund. (Citations omitted)." *State v. Wilson*, Montgomery App. No. 23167, 2010-Ohio-109, ¶ 20. "The fourth category of payee, *another agency designated by the court*, at a minimum consists of entities that 'paid the victim for the economic loss caused by the crime.' * * * (i.e., crime victims' reparations fund.)" *State v. Brinson*, Montgomery App. No. 22925, 2009-Ohio-5040, ¶ 8, quoting *State v. Bartholomew*, 119 Ohio St. 3d 359, 2008-Ohio-4080, ¶ 12. An economic loss is "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income * * * [and] any property loss. * * * ." R.C. 2929.01(L). "Therefore, trial courts

have not abused their discretion if restitution is ordered to another agency that paid for any loss of income, [or] property loss suffered by the victim." *Brinson*, Id.

{¶ 8} R.C. 2930.01(H)(1) defines a victim as a "person who is identified as the victim of a crime * * * in a police report or in a complaint, indictment, or information that charges the commission of a crime and provides the basis for the criminal prosecution * * * and subsequent proceedings to which this chapter makes reference." R.C. 2743.51 defines a victim as "a person who suffers personal injury or death as a result of * * * [c]riminally injurious conduct." Black's Law Dictionary defines "victim" in part as the "person who is the object of a crime or tort, as the victim of a robbery is the person robbed." (6th Ed. 1990), 1567.

{¶ 9} In response to Moyer's assertion that Graceworks is not a victim herein, the State directs our attention to *Bartholomew* and *State v. Rigsbee*, 174 Ohio App.3d 13, 2001-Ohio-6267. Bartholomew pled guilty to rape of a child under 13 years of age, and his sentence included restitution to a reparations fund for victims for reimbursement of the victim's counseling expenses incurred as a result of the crime. Bartholomew appealed the order imposing restitution, and the Third District reversed, concluding that R.C. 2929.18(A)(1) did not allow restitution to third parties. The State appealed. *Bartholomew*, ¶ 2-3. The Supreme Court of Ohio determined that R.C. 2743.72(E), which states that "the reparations fund is an eligible recipient for payment of restitution," authorized the restitution, and the court concluded that the reparations fund created by R.C. 2743.191 accordingly is a permissible "agency designated by the court," pursuant to R.C. 2929.18(A)(1). Id., ¶ 12.

{¶ 10} Rigsbee was employed by Ultra-Met Carbide Technologies ("Ultra-Met"), and an investigation by the company revealed she had stolen money from Ultra-Met by forging 235 checks over the five years of her employment, totaling $1,933,982.69. Id., ¶ 2-3. Rigsbee pled guilty to one count of aggravated theft of one million dollars or more, one count of tampering with records, and six counts of forgery. Id., ¶ 1. This Court affirmed an order of restitution in the amount of $1,993,982.69, less pre-sentence restitution payments made by Rigsbee, but including $60,000.00 for expenses incurred by Ultra-Met during its investigation of the theft. This Court determined that "$60,000.00 is an economic loss suffered by Ultra-Met as a direct result of Rigsbee's crimes. * * * In order to determine the impact of Rigsbee's criminal acts on the company's financial condition, it was necessary for Ultra-Met to conduct an investigation of the thefts. This investigation was vital to the company's ability to estimate the damage and determine the loss, if possible. As the $60,000.00 cost constitutes further economic loss suffered by Ultra-Met as a direct and proximate cause of Rigsbee's wrongdoing, the trial court exercised it statutory authority to order restitution in such amount." Id., ¶ 35.

{¶ 11} We agree with Moyer that there is no statutory authority, as in *Bartholomew*, to authorize restitution to Graceworks. Regarding the costs of the investigation, Graceworks paid the $25,000.00 to the CFE, not the victims identified in the indictment. Graceworks does not qualify as "another agency designated by the court." *Brinson*. Graceworks was not identified in the indictment as the victim of Moyer's crimes, and Graceworks, unlike Ultra-Met, is not the object of her offenses. In other words, the victims of the thefts are the 11 people named in the indictment whose money Moyer stole. Finally,

unlike the economic loss of the 11 named victims, Graceworks' expenses do not fall within the purview of R.C. 2929.18(A)(1). Accordingly, Graceworks is not entitled to recover the costs of its investigation or its insurance deductible.

{¶ 12} The trial court erred as a matter of law by awarding restitution to Graceworks, and Moyer's first assigned error is sustained. The order of restitution to Graceworks is reversed and vacated.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Johnna M. Shia
Richard Hempfling
Hon. Timothy N. O'Connell