OPINION
{¶ 1} Defendant-Appellant, Nathan A. Graham, appeals a judgment of the Hancock County Court of Common Pleas, denying his motion for a new trial and his motion to vacate or set aside conviction. On appeal, Graham asserts that the trial court erred by applying an incorrect legal standard to his claim under Bradyv. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194, that the trial court erred in finding that he was not unavoidably prevented from obtaining the evidence upon which his motions were based and that he was sentenced in violation of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531. Finding that both Graham's motions for a new trial and his motion to vacate or set aside conviction are out of rule and that Blakely does not apply to Ohio's sentencing scheme, we affirm the judgment of the trial court.
 {¶ 2} On February 23, 1999, Graham was involved in the kidnapping, beating and rape of thirteen year old Chantel Chaffin. Following the beating, which took place over several hours, Chaffin was left in the bottom of a cistern under bricks and other debris. Several hours later, Graham removed Chaffin from the cistern, planning to take her to another party as a "treat" for the other party guests and killing her thereafter. Chaffin was found by law enforcement at Graham's home while executing a search warrant.[1]
 {¶ 3} Subsequently, Graham was charged in a sixteen count indictment. At Graham's request five court appointed attorneys were removed, and Graham roceeded to trial pro se. He was ultimately found guilty of one count of attempted murder in violation of R.C. 2923.02(A), a felony of the first degree, one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, two counts of felonious assault in violation of R.C. 2903.11(A)(1), felonies of the second degree, one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, one count of kidnapping in violation of R.C.2905.01(B), a felony of the first degree, one count of having weapons while under disability in violation of R.C.2923.13(A)(1), a felony of the first degree, and a firearm specification in violation of R.C. 2941.144. Graham was sentenced to an aggregate term of fifty-five years in prison.
 {¶ 4} In November of 2001, this Court affirmed Graham's convictions and sentence in State v. Graham, 3d Dist. No. 5-01-01, 2001-Ohio-2327.
 {¶ 5} In March of 2003, Graham filed a pro se motion for a new trial pursuant to Crim.R. 33 and a motion to vacate or set aside conviction under Civ.R. 60(B)(5). Both the State and Graham filed various other pleadings, including the State's response to Graham's motion for a new trial and motion to vacate or set aside conviction, Graham's rebuttal to the State's response to his motions and two supplements to Graham's motion for a new trial.
 {¶ 6} In March of 2005, the trial court filed an opinion overruling and/or denying all of Graham's pending motions and pleadings. In its judgment, the trial court found that Graham's motion for a new trial was not timely filed and that Graham's motion to vacate or set aside convictions under Civ.R. 60(B)(5) was to be treated as a petition for post conviction relief, which was also not timely filed. While the trial court found that Graham's motions were not timely filed, it, nevertheless, went on to determine that each of Graham's Brady claims were meritless. Finally, the trial court found that Graham's sentence was not in violation of Blakely, based upon this Court's finding in Statev. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552.
 {¶ 7} It is from this judgment Graham appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN APPLYING ANINCORRECT LEGAL STANDARD TO APPELLANTS (sic.) "BRADY" CLAIMS, ANDIN FAILING TO GRANT RELIEF THEREUPON: DENYING APPELLANT DUEPROCESS OF LAW.
 Assignment of Error No. II THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMININGTHAT APPELLANT DID NOT DEMONSTRATE BY CLEAR AND CONVINCING PROOFTHAT HE WAS UNAVOIDABLY PREVENTED FROM OBTAINING THE EVIDENCEUPON WHICH HIS CLAIMS RELY, WITHIN THE 120 DAY PERIOD FOR A NEWTRIAL MOTION, OR WITHIN THE 180 DAY PERIOD FOR A POST CONVICTIONPETITION, DENYING APPELLANT DUE PROCESS OF LAW.
 Assignment of Error No. III THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TOCORRECT THE ILLEGAL SENTENCE IN VIOLATION OF THE SIXTH AMENDMENT,WHICH DENIED APPELLANT DUE PROCESS OF LAW.
 Assignments of Error Nos. I II {¶ 8} In the first assignment of error, Graham asserts that the trial court applied an incorrect legal standard to hisBrady claims. In the second assignment of error, Graham asserts that the trial court erred in finding that he did not demonstrate by clear and convincing evidence that he was unavoidably prevented from obtaining the evidence upon which his claims relied. Because these assignments of error are interrelated, we will address them together.
 {¶ 9} Crim.R. 33 governs new trials. Crim.R.33(A)(6) provides the following as one of the grounds upon which a new trial may be granted on motion of the defendant:
When new evidence material to the defense is discovered, whichthe defendant could not with reasonable diligence have discoveredand produced at the trial. When a motion for a new trial is madeupon the ground of newly discovered evidence, the defendant mustproduce at the hearing on the motion, in support thereof, theaffidavits of the witnesses by whom such evidence is expected tobe given, and if time is required by the defendant to procuresuch affidavits, the court may postpone the hearing of the motionfor such length of time as is reasonable under all thecircumstances of the case. The prosecuting attorney may produceaffidavits or other evidence to impeach the affidavits of suchwitnesses.
 {¶ 10} Crim.R. 33(B) further provides that following limitations on the time in which such a motion can be filed:
Motions for new trial on account of newly discovered evidenceshall be filed within one hundred twenty days after the day uponwhich the verdict was rendered, or the decision of the courtwhere trial by jury has been waived. If it is made to appear byclear and convincing proof that the defendant was unavoidablyprevented from the discovery of the evidence upon which he mustrely, such motion shall be filed within seven days from an orderof the court finding that he was unavoidably prevented fromdiscovering the evidence within the one hundred twenty dayperiod.
In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in the above rule, a petitioner must first file a motion for leave, showing by "clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion." State v. Neace, 3d Dist. No. 10-99-07, 2000-Ohio-1649; State v. Smith (Mar. 27, 1998), 2d Dist. No. 97 CA 46. The filing of a motion for leave prior to being able to file a motion for a new trial out of rule was recognized by Justice Stratton in a concurring opinion dismissing sua sponte a motion to certify conflict. See State v. Dawson (2000),89 Ohio St.3d 1208.
 {¶ 11} An appellate court reviews a trial court's determination of a Crim.R. 33 motion under an abuse of discretion standard. State v. Schiebel (1990), 55 Ohio St.3d 71, para. one of the syllabus; State v. Brumback (1996), 109 Ohio App.3d 65,85. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} Upon review of the record, it is clear that Graham did not file a request for leave to file his motion for a new trial under Crim.R. 33. Accordingly, we cannot find that the trial court abused its discretion in finding that Graham's motion for a new trial was untimely as it was clearly filed beyond the one hundred and twenty days allowed under Crim.R. 33(B). Thus, the trial court properly denied Graham's motion for a new trial.
 {¶ 13} Considering Graham's motion to vacate or set aside conviction pursuant to Civ.R. 60(B), the trial court properly found that such motion was a petition for post conviction relief under R.C. 2953.21. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21."State v. Reynolds (1997), 79 Ohio St.3d 158, 160.
 {¶ 14} As set forth in R.C. 2953.21(A)(2), "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of judgment of conviction or adjudication * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 15} R.C. 2953.23 governs untimely filed petitions for post-conviction relief. R.C. 2953.23 provides that a trial court may not entertain an untimely filed petition for post-conviction relief unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies upon in the petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable fact finder would not have found him guilty but for constitutional error at trial. See R.C. 2953.23(A).
 {¶ 16} Upon review of the record, we cannot find that the trial court abused its discretion in finding that Graham's motion was out of rule. First, he is clearly beyond the one hundred and eighty days. Furthermore, upon review of the record, we find that Graham has failed to show that he was unavoidably prevented from discovering the facts upon which he relies for his Brady
claims. Finally, because Brady is not a new constitutional right, Graham could have raised that issue on appeal. The doctrine of res judicata precludes any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial or on an appeal from that judgment.State v. Perry (1967), 10 Ohio St.2d 175, para. four of the syllabus. Thus, the trial court properly denied Graham's motion to vacate or set aside conviction.
 {¶ 17} Based on the foregoing, the second assignment of error is overruled.
 {¶ 18} Having found that both Graham's motion for a new trial and his petition for post conviction relief are out of rule, we find that the trail court's analysis of the Brady issues to be superfluous. Therefore, based upon our finding that the trial court did not abuse its discretion in finding Graham's motions to be out of rule, we find it unnecessary to address the first assignment of error. As such, the first assignment of error is overruled.
 Assignment of Error No. III {¶ 19} In the third assignment of error, Graham asserts that his sentence should be vacated under Blakely v. Washington,542 U.S. 296. This Court has previously ruled that the holding inBlakely does not apply to Ohio's sentencing scheme. Trubee,2005-Ohio-552, at ¶ 16-38. Accordingly, Graham's third assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Shaw, J., concur.
[1] For a more complete version of the facts, see State v.Graham, 3d Dist. No. 5-01-01, 2001-Ohio-2327.