[Cite as *State v. Coley*, 2019-Ohio-5143.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-19-1004

        Appellee                                       Trial Court No. CR0199701449

v.

Douglas Coley                                        **DECISION AND JUDGMENT**

        Appellant                                      Decided:  December 13, 2019

* * * * *

Richard L. Demsey, Justin D. Gould, Paul W. Flowers, and
Louis E. Grube, for appellant.

Stephen C. Newman, Federal Public Defender, Sharon A. Hicks and
Joseph E. Wilhelm, Assistant Federal Public Defenders, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Douglas Coley, appeals the judgment of the Lucas County Court

of Common Pleas denying his motion for leave to file a new trial motion.  For the reasons

that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} In 1997, the Lucas County Grand Jury indicted appellant on charges of kidnapping, aggravated robbery, and attempted murder relative to one victim, and kidnapping, aggravated robbery, and aggravated murder with a death penalty specification relative to another victim. A jury found appellant guilty on all counts on May 19, 1998, and recommended the imposition of the death penalty. On June 8, 1998, the trial court imposed the death penalty. Appellant appealed his conviction and sentence of death, and the Supreme Court of Ohio affirmed in *State v. Coley*, 93 Ohio St.3d 253, 754 N.E.2d 1129 (2001).

{¶ 3} While appellant's direct appeal was pending, appellant filed a pro se motion requesting the appointment of counsel to pursue post-conviction relief. The trial court granted appellant's motion and appointed counsel to handle both the appeal and the post-conviction proceedings. Appointed counsel, however, did not file a motion for post-conviction relief. Thereafter, appellant pursued numerous other collateral attacks on his conviction in state and federal court.

{¶ 4} Relevant here, on April 20, 2018, appellant, through counsel, filed his "Motion for Leave to File New Trial Motion." In his motion for leave, appellant argued that he was unavoidably prevented from presenting his new trial motion because his post-conviction counsel and his federal habeas counsel abandoned him.

{¶ 5} Attached to his motion for leave was appellant's new trial motion, which relied on newly discovered evidence and sought relief under Crim.R. 33(A)(6). The

2.

newly discovered evidence consisted of the affidavits of four individuals who were with appellant in 1996, near the time of the crimes. In the affidavits, the witnesses contradicted the trial testimony of appellant's cousin, which had linked appellant to the murder weapon. In addition, a fifth piece of evidence was submitted in the form of a report by a developmental psychologist, who concluded that appellant's youth and traumatic childhood made it impossible to conclude that appellant was a permanently formed character unable to be rehabilitated. Notably, the motion also included claims that his trial counsel was ineffective for failing to discover and present this evidence.

{¶ 6} On December 11, 2018, the trial court denied appellant's motion for leave to file a new trial motion. The trial court reasoned that the attached exhibits did not demonstrate that appellant was unavoidably prevented from discovering the new evidence. As to the four individuals who would have been fact witnesses, the affiants testified that appellant was with them during the relevant time period in 1996. Thus, appellant would have had knowledge of the existence of their testimony. As to the report from the developmental psychologist, the psychologist noted that the research upon which his conclusions were based was available at the time of appellant's trial.

{¶ 7} In addition, the trial court found that appellant had not demonstrated that the delay in presenting the new evidence was reasonable. Appellant argued that the delay was occasioned by the abandonment of his post-conviction counsel and his federal habeas counsel. However, the court found that appellant was aware of the alleged abandonment by post-conviction counsel in 2001, and filed a motion to remove his federal habeas counsel in April 2016. Yet, without explanation, appellant did not file his motion for

3.

relief to file a motion for new trial for another two years. Therefore, the trial court found that appellant did not provide any prima facie evidence of unavoidable delay.

## II. Assignment of Error

{¶ 8} Appellant has timely appealed the trial court's December 11, 2018 judgment entry, and now asserts one assignment of error for our review:

I. The trial court abused its discretion, and violated Appellant's due process rights, when it denied Appellant's Motion for Leave to File a New Trial Motion Under Criminal Rule 33(B) where Appellant was unavoidably prevented from presenting his new evidence within 120 days of the trial verdict. U.S. Const. amend. 14; Ohio Const. Art. I, § 16.

## III. Analysis

{¶ 9} We review the trial court's denial of appellant's motion for leave to file a motion for new trial for an abuse of discretion. *State v. Willis*, 6th Dist. Lucas No. L-06-1244, 2007-Ohio-3959, ¶ 12. An abuse of discretion connotes that the trial court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} Appellant filed his motion for leave to file a new trial under Crim.R. 33(A)(6), on the basis that he obtained newly discovered evidence. Crim.R. 33(A)(6) provides that a new trial may be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(B) requires that motions for new trial on account of newly discovered evidence "shall be filed within one hundred twenty days after the day

4.

upon which the verdict was rendered, or the decision of the court where trial by jury has been waived."

> If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period. *Id.*

{¶ 11} Here, the verdict was rendered on May 19, 1998, thus appellant is clearly beyond the 120-day period. Consequently, appellant must demonstrate by clear and convincing proof that he was "unavoidably prevented from discovering the evidence within the one hundred twenty day period." *Id.* "A party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Sandoval*, 6th Dist. Sandusky Nos. S-13-032, S-13-034, 2014-Ohio-4972, ¶ 13, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

{¶ 12} Appellant argues that he was unavoidably prevented from filing his new trial motion because his counsel abandoned him, and that such abandonment constitutes justifiable cause to support granting the motion for leave to file a motion for new trial. However, appellant's argument in no way demonstrates that he was unavoidably prevented from "*discovering the evidence*" within the one hundred twenty day period as

5.

required by Crim.R. 33(B). (Emphasis added). As the affidavits themselves indicate, appellant was with the fact witnesses during the relevant periods, and thus would have been aware of the existence of their testimony at the time of his trial. Likewise, the report from the developmental psychologist expressly recognized that,

> While developmental science has advanced dramatically since [appellant] went to trial in the late 1990s, it is nonetheless true that many of the issues considered in this report could and should have been raised then. Research on the impact of trauma on child development (including brain development) was available in the late 1990s (e.g. in the work of Bruce Perry), as was my conceptualization of psychological maltreatment. Brain science indicating that youth is a time of immaturity also was available then.

Therefore, the evidence upon which appellant now relies to support his motion for new trial was available to him at the time of his original trial, and thus cannot be considered "newly discovered evidence." Consequently, regardless of any alleged abandonment or ineffective assistance of counsel, appellant has not met the standard under Crim.R. 33(A)(6) and (B), and we hold that the trial court did not abuse its discretion in denying his motion.

{¶ 13} Arguing against this conclusion, appellant contends that the trial court abused its discretion by relying on the evidence attached to his motion for new trial to reach its conclusion that appellant's motion for leave to file his motion for new trial should be denied. In so doing, appellant recasts the attached affidavits and report as

6.

evidence supporting the claims for ineffective assistance of trial counsel that he also included in his motion for new trial.

{¶ 14} It appears that appellant is now arguing that his motion for new trial also includes a claim under Crim.R. 33(A)(1) that he should be entitled to a new trial because of "Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial." Indeed, as recognized by Ohio appellate courts, "[a] claim of ineffective assistance of counsel is cognizable in a motion for a new trial pursuant to Crim.R. 33(A)(1)." *State v. Lei*, 10th Dist. Franklin No. 05AP-288, 2006-Ohio-2608, ¶ 25. *See also State v. Lordi*, 140 Ohio App.3d 561, 569, 748 N.E.2d 566 (7th Dist.2000) ("Although a petition for post-conviction relief may provide a more effective and appropriate vehicle for the assertion of an ineffective-assistance-of-counsel claim, a defendant may validly assert the denial of effective assistance of counsel as a basis for new trial pursuant to Crim.R. 33(A)(1) or (E)(5).").

{¶ 15} To the extent that appellant is seeking a new trial on the grounds that his trial counsel was ineffective for failing to call the four affiants as witnesses, or for failing to present a theory of mitigation consistent with the report from the developmental psychologist, Crim.R. 33(B) requires that such motion be filed within fourteen days after the verdict was rendered, "unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial." Appellant contends that he was unavoidably prevented from filing his motion due to the abandonment by appellate counsel and habeas counsel.

7.

{¶ 16} We disagree with appellant that he has provided clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial. As discussed above, appellant was aware of the facts that would have supported his claim for ineffective assistance of trial counsel at or around the time of trial. Further, by his own affidavit submitted in support of his motion for leave to file a new trial motion, appellant acknowledges that he was aware in May 2000 that no post-conviction filings were made on his behalf. Even assuming that his habeas counsel abandoned him, appellant has not provided any proof that he could not have filed a motion for new trial in the intervening 18 years. Therefore, we hold that the trial court did not abuse its discretion when it found that appellant was not unavoidably delayed from filing his motion for a new trial.

{¶ 17} Accordingly, appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 18} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
                  JUDGE
Christine E. Mayle, P.J.          

Gene A. Zmuda, J.           _____
CONCUR.                JUDGE

                 _____
                  JUDGE

8.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.