[Cite as *State v. Perkins*, 2020-Ohio-2888.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 13-19-46

     v.

WILLIAM H. PERKINS, JR.,          O P I N I O N

     DEFENDANT-APPELLANT.

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 13-19-47

     v.

WILLIAM H. PERKINS, JR.,          O P I N I O N

     DEFENDANT-APPELLANT.

**Appeals from Seneca County Common Pleas Court**
**Trial Court Nos. 08 CR 0158 and 08 CR 0208**

**Judgments Affirmed**

**Date of Decision: May 11, 2020**

APPEARANCES:

     *William H. Perkins, Jr.,* **Appellant**

**SHAW, P.J.**

{¶1} Defendant-appellant, William H. Perkins, Jr. ("Perkins"), appeals the November 5, 2019 judgment entries issued by the Seneca County Court of Common Pleas denying his motion for leave to file a motion for a new trial.

{¶2} In December 2008 and February 2009, Perkins was convicted of six felonies stemming from an armed robbery of The Medicine Shoppe Pharmacy in Tiffin, Ohio. *State v. Perkins*, 3d Dist. Seneca Nos. 13-10-50, 13-10-51, 2011-Ohio-3129, ¶ 2-3.

{¶3} Perkins filed numerous appeals of his conviction and sentence. *See, e.g.*, *State v. Perkins*, 3d Dist. Seneca Nos. 13-09-14, 13-09-15, 2009-Ohio-6722; *State v. Perkins*, 190 Ohio App.3d 328, 2010-Ohio-5058 (3d Dist.); *State v. Perkins*, 3d Dist. Seneca Nos. 13-10-50, 13-10-51, 2011-Ohio-3129; *State v. Perkins*, 3d Dist. Seneca Nos. 13-15-20, 13-15-21.

{¶4} On August 5, 2019, Perkins filed a "Motion for Leave to File a New Trial Motion Pursuant to Crim.R. 33(A)(2)" and a "Request for a Stay on the Ruling for Both Leave to File a New Trial Motion and the Actual Motion for a New Trial" in both trial court cases numbers 08 CR 0158 and 08 CR 0208. The motions were filed simultaneous to Perkins' Affidavit of Disqualification, seeking the Supreme Court of Ohio to disqualify the sitting trial judge from Perkins' cases.

Case No. 13-19-46, 13-19-47

{¶5} On September 23, 2019, the Supreme Court of Ohio denied Perkins'
Affidavit of Disqualification.

{¶6} On November 5, 2019, the trial court issued judgment entries overruling
Perkins' motions.

{¶7} Perkins filed this appeal, asserting the following assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED IN DENYING THIS
APPELLANT'S MOTION FOR LEAVE TO FILE A NEW
TRIAL MOTION AND THE MOTION FOR A NEW TRIAL
WITHOUT FINDINGS OF FACT AND CONCLUSIONS OF
LAW VIOLATING THIS APPELLANT'S CONSTITUTIONAL
RIGHTS TO A FAIR TRIAL AND THE DUE PROCESS OF
LAW UNDER THE 5TH AND 14TH AMENDMENTS OF THE
US CONSTITUTON [SIC] AND THE EQUIVALENT
ARTICLES AND SECTIONS OF: THE OHIO
CONSTITUTION.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN DENYING THE NEW TRIAL
MOTION WHEN OTHER DEFENDANTS SIMILARLY
SITUATED RECEIVED RELIEF BASED ON THE EXACT
SAME CONVICTIONS FOR TAMPERING WITH EVIDENCE
OF FORMER DETECTIVE SEAN O'CONNELL IN THE
CASES HE INVESTIGATED LIKE THIS APPELLNTS [SIC].
THIS IMPROPER DENIAL WITHOUT A HEARING OR
REASONING VIOLATED THIS APPELLANT'S
CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW
AND A FAIR TRIAL UNDER THE 5TH AND 14TH
AMENDMENTS OF THE US CONSTITUTION AND THE
EQUIVALENT ARTICLES AND SECTIONS OF THE OHIO
CONSTITUTION AS MERIT WAS SHOWN.**

Case No. 13-19-46, 13-19-47

*First and Second Assignments of Error*

{¶8} In these assignments of error, Perkins argues that the trial court erred in denying his motion for leave to file a motion for a new trial under Crim.R. 33. Specifically, Perkins claims that the trial court abused its discretion in denying his motion because the trial court failed to issue findings of fact and conclusions of law and failed to conduct a hearing on the motion.[1]

*Relevant Law*

{¶9} Motions for a new trial are governed by Crim.R. 33(A), which provides, in relevant part, that a trial court may grant a new trial "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). Crim.R. 33(B) sets forth the timing requirements for new-trial motions and provides, in relevant part:

> **Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.**

---

[1] We note that the State failed to file a brief in this matter.

{¶10} "Accordingly, a party may not seek a new trial on the basis of newly discovered evidence after the 120-day time limit unless he can demonstrate that he was unavoidably prevented from discovering the new evidence within the time limit." *State v. Keith*, 192 Ohio App.3d 231, 2011-Ohio-407, ¶ 39 (3d Dist.), citing Crim.R. 33(B). " 'A party is 'unavoidably prevented' from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence.' " *Id.*, quoting *State v. Lee*, 10th Dist. Franklin No. 05AP-229, 2005-Ohio-6374, ¶ 8. "In order to be able to file a motion for a new trial based on newly discovered evidence beyond the 120 days prescribed in the above rule, a petitioner must first file a motion for leave, showing by 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.'" *Id.* at ¶ 40, quoting *State v. Graham*, 3d Dist. Hancock No. 5-05-13, 2006-Ohio-352, ¶ 10.

{¶11} A motion for new trial under Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. *State v. Ray*, 3d Dist. Union No. 14-05-39, 2006-Ohio-5640, ¶ 53, citing *State v. Farley*, 10th Dist. Franklin No. 03AP-555, 2004-Ohio-1781, ¶ 6-7. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶12} In his motion for leave to file a motion for a new trial, Perkins argues that his motion for leave should be granted because of newly discovered evidence of witness misconduct. In particular, Perkins claims that one of the law enforcement officers, Sean O'Connell ("O'Connell"), a former detective with the Fremont Police Department, who testified for the prosecution at Perkins' jury trials in 2008 and 2009, had recently been convicted of tampering with evidence in an unrelated case. Therefore, Perkins presumes, without any evidentiary support, that O'Connell provided "false testimony" during his jury trials. Notably, a review of the jury trial transcripts included with the record on appeal, which are voluminous in nature and contain testimony from numerous witnesses, indicate that O'Connell provided brief, testimony of his nominal involvement in the execution of a search warrant led by Seneca County and City of Tiffin law enforcement.

{¶13} On appeal, Perkins argues that the trial court erred in failing to hold a hearing on his motion or to issue findings of fact and conclusions of law. Perkins does not cite to any legal authority to support his arguments To the contrary, Crim.R. 33 does not explicitly require a hearing on a motion for a new trial nor does Crim.R. 33 require a trial court to issue findings of fact and conclusions of law. *See* Crim.R. 33; *see also State ex rel. Collins v. Pokorny*, 86 Ohio St.3d 70 (1999)(A trial court has no duty to issue findings of fact or conclusions of law when it denies a Crim.R. 33 motion for a new trial.). Rather, courts have consistently held that the

decision to conduct a hearing is entrusted to the discretion of the trial court. *See State v. Jalowiec*, 9th Dist. Lorain No. 14CA010548, 2015-Ohio-5042, ¶ 20; *State v. Carusone*, 1st Dist. Hamilton No. C–130003, 2013-Ohio-5034, ¶ 33 (The nature of that hearing is discretionary with the court and depends on the circumstances.). Moreover, to warrant the granting of a new trial based on newly discovered evidence, the new evidence must disclose a "strong probability" that it will change the result if a new trial is granted. *State v. Barton*, 12th Dist. Warren No. CA2005-03-036, 2007-Ohio-1099, ¶ 31.

{¶14} In the instant case, we find the record supports the trial court's determination that Perkins has failed to establish he is entitled to leave to file a motion for a new trial. Accordingly, we conclude that the trial court did not abuse its discretion in denying Perkins' "Motion for Leave to File a New Trial Motion Pursuant to Crim.R. 33(A)(2)" and his "Request for a Stay on the Ruling for Both Leave to File a New Trial Motion and the Actual Motion for a New Trial."

{¶15} For all these reasons, the assignments of error are overruled and the judgments of the trial court are affirmed.

***Judgments Affirmed***

**PRESTON and ZIMMERMAN, J.J., concur.**

**/jlr**