**[Cite as *State v. Coley*, 2023-Ohio-4453.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No. L-22-1248

    Appellee                                         Trial Court No.  CR0199701449

v.

Douglas L. Coley                                  **DECISION AND JUDGMENT**

    Appellant                                        Decided:  December 8, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Douglas L. Coley, Pro se.

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal from the October 5, 2022 judgment of the Lucas County

Court of Common Pleas, which, relevant to this appeal, denied appellant Douglas Coley's

motion for leave to file a motion for new trial.  For the reasons that follow, we affirm.

**Assignment of Error**

{¶ 2} Coley presents one assignment of error:

The Trial Court abused its discretion when it denied [Coley's]
Motion for Leave to file a Delayed New Trial Motion under Criminal Rule
33(B), where [Coley] made a substantial showing (Brady) that he was
unavoidably prevented from discovering new evidence and filing for New
Trial because the evidence in question was suppressed by the State.

**Background**

{¶ 3} On December 23, 1996, D.M. was kidnapped, robbed and shot numerous
times, and on January 3, 1997, S.E. was kidnapped, robbed and murdered.

{¶ 4} On March 10, 1997, Coley was indicted for the kidnapping, aggravated
robbery, and attempted murder of D.M., and the kidnapping, aggravated robbery, and
aggravated murder (3 counts) of S.E., with related firearm specifications and, with
respect to the aggravated murder counts, capital specifications.

{¶ 5} Coley was tried to a jury and found guilty of all counts related to both D.M.
and S.E. The trial then proceeded to mitigation and the jury found the aggravating
circumstances outweighed the mitigating factors and recommended a sentence of death
with respect to the aggravated murder of S.E.

{¶ 6} On June 8, 1998, the trial court merged the three aggravated murder counts
and sentenced Coley to death for the aggravated murder of S.E. In addition, the court

2.

sentenced Coley to ten years for each of the three counts relating to D.M., and to ten years for the kidnapping and aggravated robbery counts against S.E., all to be served consecutively. He was also sentenced on the attendant firearm specifications. This sentence was affirmed by the Ohio Supreme Court in *State v. Coley*, 93 Ohio St.3d 253, 754 N.E.2d 1129 (2001), where the facts of the case are thoroughly set forth.

{¶ 7} Coley filed numerous collateral attacks on his convictions relating to the offenses against both D.M. and S.E., in both state and federal court, including a previous motion for leave to file a new trial on April 20, 2018. Coley's 2018 motion for leave was denied by the trial court, and this denial was affirmed by this court in *State v. Coley*, 6th Dist. Lucas No. L-19-1004, 2019-Ohio-5143.

### Current Motion for Leave

{¶ 8} On April 28, 2022, Coley, pro se, filed both a motion for leave to file a new trial motion, and a motion for new trial.[1] In his motion for leave, Coley argued there was exculpatory information contained in a police report detailing a burglary allegedly committed by, inter alia Tyrone Armstrong, which conflicted with Armstrong's testimony at trial. Coley further asserted that the police report was in the possession of the prosecutor's office, but the report was suppressed by the state and withheld from him until it was provided to his clemency counsel in January 2022.

---

[1] We note that the motion for leave is not on the docket as a separate entry. Rather, it is scanned in at the end of Coley's motion for new trial and is marked "Filed In Error." However, the state has conceded that this "anomaly in filing" was not Coley's fault and the trial court ruled on the motion.

3.

{¶ 9} Also, on June 13, 2022, Coley filed a pro se motion requesting the trial judge recuse herself from the case.

{¶ 10} The trial court denied both the motion for leave to file a motion for new trial as well as the motion for recusal, in an opinion and judgment entry journalized October 5, 2022. With respect to the motion for new trial, the trial court found that Coley had not proved by clear and convincing evidence that he was unavoidably prevented from timely discovering the police report, and that the information in the police report was neither material nor exculpatory. The trial court also concluded that Coley had not proven a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

{¶ 11} Coley now appeals the trial court's denial of his motion for leave to file a motion for new trial.

### Standard of Review

{¶ 12} We review a trial court's denial of a motion for leave to file a motion for new trial for an abuse of discretion. *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, 201 N.E.3d 861, ¶ 13. "An abuse of discretion connotes that the trial court's judgment is unreasonable, arbitrary, or unconscionable." *Coley*, 6th Dist. Lucas No. L-19-1004, 2019-Ohio-5143, at ¶ 9, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

4.

**Applicable Law**

{¶ 13} Coley requested a new trial pursuant to Crim.R. 33(A)(6), which provides for a new trial upon the motion of a defendant "[w]hen new evidence [that is] material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."

{¶ 14} A motion for new trial on the basis of newly discovered evidence must be filed within 120 days after the date the verdict was rendered, unless it appears "by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely." Crim.R. 33(B).

{¶ 15} When, as in the present case, a defendant does not file a motion for new trial based on newly discovered evidence within 120 days of the verdict, the defendant must first seek leave from the trial court to file a delayed motion. *State v. Montgomery*, 6th Dist. Lucas No. L-15-1282, 2016-Ohio-7527, ¶ 43. "To obtain leave to file a delayed motion for a new trial, the defendant must provide 'clear and convincing' proof that he was 'unavoidably prevented' from discovering the evidence on which his motion for a new trial is based. '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.'" (Citations omitted.) *Id*. at ¶ 44. The "unavoidably prevented" requirement can also be

5.

met by establishing that the state suppressed the evidence he is relying on to seek a new trial. *State v. Hale*, 8th Dist. Cuyahoga No. 112163, 2023-Ohio-3894, ¶ 36, citing *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 25.

## Analysis

### *Limits of Our Review*

{¶ 16} "When a defendant seeks leave to file a motion for a new trial under Crim.R. 33(B), the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave. The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." (Citations omitted.) *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 30. Thus, our review is limited to whether Coley has established that he was unavoidably prevented from discovering the police report; we may not consider the merits of his proposed new trial motion. *See e.g. State v. Dodson,* 10th Dist. Franklin No. 22AP-388, 2023-Ohio-701, ¶ 21, fn.4.

{¶ 17} Additionally, pursuant to App.R. 12(A)(1)(b), we must determine an appeal based on the assignments of error set forth in the briefs. *Gilliam v. Rucki*, 2023-Ohio-1413, 213 N.E.3d 819, ¶ 27 (6th Dist.). We rule on these assignments of error only, and do not address mere arguments. *Id*.

6.

{¶ 18} Here, Coley's assignment of error is limited to objecting to the trial court's failure to grant leave on the basis that "he was unavoidably prevented from discovering new evidence and filing for New Trial because the evidence in question was suppressed by the State." Thus, our review is limited to this alleged error. We will not consider other arguments raised by Coley in his briefs.

*Evidence Considered*

{¶ 19} Preliminarily, there is an issue as to what evidence we can consider when ruling this appeal. Coley filed his motion for new trial simultaneously with his motion for leave, and although he cites to exhibits in support of his motion for leave, no actual exhibits were attached to his motion for leave. Rather, all exhibits were attached to his motion for new trial. The state contends that any material attached to his motion for new trial is not properly before this court for purposes of appeal as only the motion for leave is properly before this court. Although Coley did not attach his exhibits to his motion for leave, he did cite to them in his motion for leave and thus, we will consider them here, to the extent they are relevant and proper evidence. We will not, however, consider any evidence that was attached to his merit brief on appeal, but was not within the trial court record, as our review is limited to the record from the trial court. *Deosaran v. Wood*, 2015-Ohio-5020, 53 N.E.3d 834, ¶ 6 (6th Dist.).

7.

*Motion for Leave to File Motion for New Trial*

**{¶ 20}** Coley challenges the trial court's denial of his motion for leave. To be entitled to leave, it was necessary for Coley to demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the police report. Clear and convincing "means something more than bare allegations or statements in a motion." *State v. Taylor*, 2021-Ohio-1670, 170 N.E.3d 1310, ¶ 58 (2d Dist.), quoting *State v. Morris*, 2d Dist. Montgomery Nos. 26949 and 26960, 2017-Ohio-1196, ¶ 19. Although Coley could prove he was "unavoidably prevented" by establishing that the state suppressed the police report, *Hale*, 8th Dist. Cuyahoga No. 112163, 2023-Ohio-3894 at ¶ 36, *this is so only if he, or his attorneys, did not otherwise possess it. See State v. Harris*, 9th Dist. Lorain No. 22CA011887, 2023-Ohio-1426, ¶ 9.

**{¶ 21}** In support of his argument that he was unavoidably prevented from discovering the police report, Coley has provided his affidavit, as well as various letters from the prosecution detailing pieces of evidence that were turned over to the defense.

**{¶ 22}** Regarding the letters, while they may provide evidence of what was turned over, we do not find they provide clear and convincing evidence that the report was *not* turned over. [2] We do note, however, that the state has not disputed the allegation that they did not turn over the police report.

---

[2] It is not clear that all of the letters attached to Coley's motion for new trial are properly in evidence. However, we need not consider this issue as we find that, even if they were all properly before the court, they do not provide evidence relevant to this motion.

8.

**{¶ 23}** With respect to Coley's affidavit, he averred, in relevant part, that his clemency counsel received "dozens of boxes of information and a promise from [the prosecutor] to send more, via a computer file" after a meeting between the prosecutor and his counsel on January 11, 2022. His attorneys sent him a portion of what they received, which he received on April 5, 2022. After taking a day to read everything over, he "discovered a number of documents that revealed a plethora of information [he] had no prior knowledge of - before trial during trial, and these twenty-five (25) plus years, after trial - until th[at] date." In particular, he pointed to the police report. Coley further stated:

> 7. My trial attorneys never gave me this information in my discovery or verbally. As far as I know, they didn't have that particular police report in their possession. This is my first encounter with this "New Evidence."
>
> * * *
>
> 10. This new information was never conveyed to me verbally. Nor was I given the actual report. It is my opinion that if my trial counsel had this information before trial or during trial they would have used it accordingly during their cross-examination of State's witness, Tyrone Armstrong. Had Trial Counsel had this information and not utilized it accordingly, they, too, would have been allowing false, incorrect, and

9.

misleading testimony to go uncorrected. Therefore, I must conclude that my trial counsel didn't have knowledge of this information either.

**{¶ 24}** We do not find that these statements establish by clear and convincing evidence that the police report is newly discovered evidence. Although Coley has presented evidence that he *personally* was unaware of the police report, since he was a represented by counsel at trial, it is his attorneys' knowledge, not Coley's, that is relevant. *See State v. Jones*, 10th Dist. Franklin No. 16AP-13, 2016-Ohio-5387, ¶ 9; *State v. Walter*, 8th Dist. Cuyahoga Nos. 109395 and 109399, 2020-Ohio-6741, ¶ 9. Coley's contention that "if [his] trial counsel had this information before trial or during trial they would have used it accordingly during their cross-examination of * * * Tyrone Armstrong" is mere speculation. "Unsubstantiated, self-serving allegations are not sufficient" to entitle Coley to leave, especially as his attorneys did question Armstrong about a burglary conviction at trial. *See id* at ¶ 10. Similarly, Coley makes additional arguments in his brief as to what his counsel would or would not have done had they had the report. These arguments are also based solely on speculation and are not evidence that his attorneys did not possess the report. We therefore do not find that the trial court abused its discretion in finding that Coley did not satisfy his burden of establishing that he was unavoidably prevented from discovering the police report.

10.

**Conclusion**

**{¶ 25}** Because we find that Coley has not established by clear and convincing evidence that he was unavoidably prevented from discovering the December 24, 1996 police report, we find his assignment of error not well-taken. We therefore affirm the October 5, 2022 decision of the Lucas County Court of Common Pleas. Pursuant to App.R. 24, Coley is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J. _____
                          JUDGE
Gene A. Zmuda, J.

Myron C. Duhart, P.J. _____
CONCUR.                             JUDGE

_____
                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.